IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERALYN S. BUELL,

    Plaintiff,

v.                                CIVIL ACTION NO. WMN-97-2302

MONTGOMERY COUNTY
REVENUE AUTHORITY,

    Defendant.

O R D E R

    Pending before the court is plaintiff's motion to alter or amend the portion of this court's Judgment Order of July 27, 2001, reducing the jury award of compensatory damages from $365,000.00 to $50,000.00. Plaintiff avers that the court made one factual and one legal error in its Judgment Order applying the statutory cap on damages. Defendant Montgomery County Revenue Authority objects to the motion.

    Plaintiff first asserts that the court made a legal error in the July 27 Memorandum Opinion by stating that "plaintiff has not proven that there were more than 100 employees 'in each of 20 or more calendar weeks' [in 1995]." (July 27, 2001 Memorandum Opinion, p. 6, quoting 42 U.S.C. § 1981a(b)(3)). Plaintiff presents the court's language out of context. The court was aware, as the parties explained in their original briefs, that it was the defendant's burden to establish that the Revenue Authority had fewer than 101 employees during the relevant period. In the original Memorandum Opinion of September 14, 2000, the court found that on the basis of plaintiff's filing

with the EEOC, the number of employees at the Revenue Authority was fewer than 101 during the relevant time period (September 14, 2000 Memorandum Opinion, p. 5). However, the court allowed plaintiff to submit a request for a determination of the issue and to present evidence disputing the number of employees. Plaintiff then submitted affidavits which the court found failed to show that there were more than 100 employees in each of 20 or more calendar weeks in 1995. The court found that plaintiff's new evidence failed to overcome the prior determination that the number of employees was fewer than 101 in 1995. In fact, as the court stated, "plaintiff's new evidence fails to show that the Revenue Authority had more than 100 employees in 1995. The court is constrained by its earlier determination that, based on plaintiff's filing with the EEOC, the number of employees in 1995 was fewer than 101." (July 27, 2001 Memorandum Opinion, p. 6-7). Thus, the court's prior ruling on this point stands, and the language was not intended to imply that plaintiff had the original burden of proof on this issue.

Plaintiff further asserts that the court erred in overlooking the affidavit testimony of Joseph Mott. Contrary to plaintiff's assertion, this court considered both affidavits in their entirety. However, both affidavits clearly relied upon the additional seasonal employees to state the conclusion that there were more than 100 employees at the Revenue Authority in 1995. Both affidavits, considered together, and in whole, do not

2

support the conclusion that there were more than 100 employees in each of 20 or more calendar weeks in 1995. The Mott affidavit states that there were more than 101 employees at the Revenue Authority for twenty or more calendar weeks in 1995 because there were "approximately 100 employees" plus an additional 16 to 24 golf course employees who were seasonal or part-time (Mott Aff. p. 2-3). The affidavit of plaintiff, who was the Director of Human Resources for the Montgomery County Revenue Authority, makes it clear that the golf course employees were seasonal, and that their May-August employment made the number of employees more than 101 (Buell Aff. p. 2). Accordingly, the court's finding that if there were more than 100 employees in 1995, it was only for 16 weeks, rather than 20, stands. Accordingly, the plaintiff's motion to alter or amend the Judgment Order is DENIED.

   The Clerk is directed to send copies of this Order to all counsel of record.

   It is SO ORDERED this 29th day of October, 2001.

                              ENTER:


                              _____
                              David A. Faber
                              United States District Judge